LANSEN-NAEVE CORP. v. UNITED STATES

No. 5843.—Invoice dated Oberlind, Germany, November 11, 1939.
Certified November 18, 1939.
Entered at New York, N. Y., December 7, 1939.
Entry No. 761678.

(Decided March 25, 1943)

*Sharretts & Hillis* (*Arthur L. Tallman* of counsel) for the plaintiff.
*Paul P. Rao*, Assistant Attorney General (*Daniel I. Auster*, special attorney), for the defendant.

COLE, Judge: This appeal for reappraisement brings for determination the proper dutiable value of certain Christmas-tree ornaments exported from Oberlind, Germany, and imported at the port of New York.

The case was submitted for decision on March 17, 1943, on a written stipulation wherein the parties agree that—

the glass Christmas tree ornaments on the invoice * * * exported from Germany in November 1939, and the per se unit invoice prices therefor and the market conditions with respect thereto, are the same in all material respects as the glass Christmas-tree ornaments, the per se unit invoice prices therefor and the market conditions with respect thereto, in the case of *F. W. Woolworth Co. et al.* v. *United States*, Reappraisement Decision 5094, * * *.

* * , * * * * *

the record in said R. D. 5094 may be and hereby is incorporated as a part of the record in the reappraisement * * *.

In the *Woolworth* case, *supra*, the question before the court was whether the cash prices of people in the Sonneberg-Lauscha district of Germany manufacturing Christmas-tree ornaments represented the proper dutiable values of the merchandise; or whether higher prices charged by commissionaires or dealers was the proper basis for appraisement. The court found that the manufacturers' prices met all of the requirements of statutory value, as defined in section 402 (c) and (d) of the Tariff Act of 1930, 19 U. S. C., 1940 ed., section 1402 (c) and (d), and accordingly held such values to be the proper ones for tariff purposes.

On the stipulated facts, I find that there existed for the Christmas-tree ornaments in question at the time of exportation thereof a foreign value and an export value, as they are defined in said section 402, and accordingly hold that such values are the *per se* unit invoice prices plus 3½ per centum· social assessments, and plus, when not included in such *per se* unit invoice prices, the costs of cases and packing and the cost of all containers and coverings of whatever nature, and all other costs, charges, and expenses incident to placing the merchandise in condition, packed ready for shipment to the United States, as invoiced, whenever reported as dutiable by the appraiser.

The appeal having been abandoned as to all other merchandise, it is hereby dismissed so far as it relates thereto.

Judgment will be rendered accordingly.